# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR08-3002-MWB |
| vs. | **DETENTION ORDER** |
| PAULA RAE BATES, | |
| Defendant. | |

This matter came on for detention hearing on February 4, 2008. Assistant U.S. Attorney John H. Lammers appeared on behalf of the plaintiff (the "Government"). The defendant Paula Bates appeared in person with her attorney, AFD Michael L. Smart. The Government offered the testimony of Matt Klunder, Cerro Gordo County Deputy Sheriff.

The court must determine whether any condition or combination of conditions will reasonably assure Bates's appearance as required, as well as the safety of any other person and the community, in deciding whether to grant the Government's motion for detention. 18 U.S.C. § 3142(e). A defendant may be detained based on a showing of either dangerousness or risk of flight; it is not necessary to show both. *United States v. Apker*, 964 F.2d 742, 743 (8th Cir. 1992); *United States v. Sazenski*, 806 F.2d 846,848 (8th Cir. 1986).

The court is to presume that no condition or combination of conditions will reasonably assure the appearance of Bates as required and the safety of the community if the court finds there is probable cause to believe Bates committed an offense of the type identified in 18 U.S.C. § 3142(e) for which a maximum term of imprisonment of ten years or more is prescribed by law. 18 U.S.C. § 3142(e); *see* 18 U.S.C. § 3142(f)(1). The probable cause element of section 3142(e) that triggers the rebuttable presumption of risk of flight and danger to the community may be established through evidence presented at

the detention hearing of an offense which is subject to the rebuttable presumption. *See Apker*, 964 F.2d at 744; *United States v. Dorsey*, 852 F.2d 1068, 1069 (8th Cir. 1988).

In the present case, the record indicates Bates continued to deal drugs while she was in jail following her arrest, directing others to pick up drugs and money on her behalf. In addition, she has made threats against persons who owe her money for drug transactions, indicating they would suffer physical harm if they failed to pay. Further, Bates has failed to offer any evidence to rebut the presumption that she is a danger to the community. The presumption arises from the charge itself – a serious drug charge involving conspiracy to distribute a significant quantity of methamphetamine. *See United States v. Cox*, 635 F. Supp. 1047, 1055 (D. Kan. 1986) (citing *United States v. Fortna*, 769 F.2d 243, 247 (5th Cir. 1985). Viewing the record as a whole, the court finds nothing to indicate Bates would be able to refrain from continuing to engage in criminal activities if she were released.

Bates has a prior felony drug conviction. She is facing a lengthy mandatory sentence if she is convicted on the present charge. As a result, and in light of Bates's failure to introduce evidence to rebut the presumption, the court further finds she is a flight risk.

Accordingly, the court finds the Government has proved by a preponderance of the evidence that Bates is a flight risk, and by clear and convincing evidence that Bates would be a danger to the community if released. Therefore, the court finds the following:

1. Bates is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Attorney General shall afford Bates reasonable opportunity for private consultation with counsel while detained.

3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Bates to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. If a "review" motion for revocation or amendment is filed, pursuant to 28 U.S.C. § 3145(a) or (b), the party requesting a change in the original order *must*:

    (a) Attach a copy of the release/detention order to the appeal;

    (b) Promptly secure a transcript.

5. There is *no automatic stay* of this Order. Therefore, Bates must request such relief from the court.

**IT IS SO ORDERED.**

**DATED** this 5th day of February, 2008.

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT